## ACTION BY DIVORCED WIFE TO REOPEN SETTLEMENT WITH HER HUSBAND AFTER HIS DEATH.

Common Pleas Court of Licking County.

ZOA F. STURDEVANT v. SILAS W. STURDEVANT, INDIVIDUALLY AND AS EXECUTOR OF LESTER W. STURDEVANT.[*]

Decided, 1910.

*Divorce and Alimony—Testimony Fails to Support Suit by Wife— Settlement Agreed Upon Out of Court—Husband Permits Wife to Take a Decree—Action by Wife After Husband's Death for a Further Allowance from His Estate—Fraud Between the Parties and Fraud on the Court.*

Where a wife in an action for divorce finds after testimony has been heard that she will have great difficulty in making a case, and thereupon enters into an agreement out of court with her husband whereby he is to cease resisting her action and is to pay to her a specified sum as alimony, she is to release all further claim in his estate, and the terms of the settlement are concurred in by her father, her counsel and herself, and her petition for divorce indicates by its allegations that she had a very good idea of the extent and value of the estate, and the agreement is carried out and she takes a decree of divorce, a case of deception as to the value of the estate or of over-persuasion in the making of the contract of settlement is not made out, and an action will not lie after the death of the husband to set aside the settlement and the release which she executed to any further claim against his estate.

*William M. Koons,* for plaintiff.
*Smythe & Smythe* and *J. M. Swartz,* contra.

WICKHAM, J.

This is a suit in chancery. The plaintiff in her petition charges in substance that she was formerly the wife of Lester W. Sturdevant, now deceased; that the defendant, Silas W. Sturdevant, is the only heir at law and also executor of the estate of Lester W. Sturdevant, deceased; that the plaintiff was married to Lester W. Sturdevant on the 27th day of November, 1890, and that he died about the 1st day of September of 1907; that

---

[*] The same conclusion was reached by the Circuit Court on appeal, heard at the March Term, 1911.

on the 24th day of March, 1903, she brought an action in this court against her husband, Lester W. Sturdevant, for a divorce and alimony; that upon the trial of that case she was granted a divorce; that the alimony branch of the case was settled by the parties out of court, and that she received the sum of three thousand dollars as alimony; that a written agreement of settlement was entered into between herself and her husband before the case was submitted to the court; that she was ignorant of the extent of her husband's estate at the time of that settlement, and that it was represented to her that he was the owner of not more than $12,000 of property, real and personal; that in truth and in fact he was the owner of property to the extent of more than $40,000, and that the representations made at the time of the settlement by her then husband with reference to the extent of his property was a fraud upon her rights as his wife; that among other things at the time of the settlement she executed a quit-claim deed and released all of her right by way of dower in his real estate; and she prays for an account to be taken of her husband's estate, and prays that the post-nuptial agreement may be set aside, and that the quit-claim deed may be held to have been procured by fraud and may be set aside and canceled, and prays for a decree of this court for a sum of money which the court may find to be equitable, and for an assignment of dower in the real estate.

The answer of the defendant admits the facts of the marriage, suit for divorce, the written contract of settlement, the payment of $3,000, the execution and delivery of the quit-claim deed by the plaintiff to her husband, and denies each and every other allegation in the petition.

I have been at a loss to determine the character of this suit. The petition reads like a suit brought for additional alimony, but my conclusion is that it can not be so considered for the plaintiff could not maintain a suit for additional alimony against the executor and heir of her former husband. Therefore, I shall consider it a suit to set aside the contract of settlement between the plaintiff and her husband, and incidentally to set aside her quit-claim deed in his real property. I am not sure but that such an action might be maintained upon a proper state of facts to

enable a former wife to claim her right to dower and to her share in the personal estate of the property belonging to her husband's estate. But in that view of the case it is apparent that this court could render no decree for a sum of money.

The plaintiff says in her petition that at the time she signed the post-nuptial settlement contract it was represented to her that his property was of the value of $11,800; in her deposition which was read in evidence in this case she states that at the time of the settlement she was induced to believe it was less than $10,000. This was the only direct evidence adduced to sustain her charge that the amount of her husband's property was grossly misrepresented.

As against her testimony, and in contradiction of it, we have the evidence contained in her petition for divorce in which she charged that her husband owned the business property in the city of Newark, and that it was worth at least $10,000; that he had a stock of jewelry at that time that was worth $10,000; that he owned other personal property aggregating $5,000; that he owned seven vacant lots in the city of Lincoln, Nebraska, worth $200 a piece, and a lot in Everett's addition to the city of Newark worth $350, making a grand total of between $25,000 and $30,000. One of her own witnesses in this case testified that he had been in the employ of her husband in his jewelry store before she brought her suit for divorce, and that the plaintiff spent a great deal of her time in the store and assisted in the business as clerk, and that she had a thorough knowledge of the stock of goods.

It also appears from the testimony of her witnesses in this trial, who were her attorneys in the divorce suit, that in the divorce case an answer was originally filed by the defendant, her husband, in which he charged her with grossly indiscreet conduct, squinting strongly toward adultery; that the settlement was made at the earnest solicitation of her father, who was present at the time, and by the advice of her counsel, who had knowledge of the extent of her husband's property, at least the real estate in the city of Newark; that they were compelled to rely largely on her husband's statement of the value of his personal property and real estate in Nebraska.

Our conclusion from the evidence is that she was not grossly deceived by her husband about the extent of his property. The evidence in this case shows that his property at the time of his decease, a part of it at least, had enhanced in value since the time of the settlement, and with that increase in value it was but little more, if any, than the value alleged by her in her petition for divorce.

But even in that case I am not so sure that in a proper case relief might not be granted a wife who had been over-reached and over-persuaded by her husband to enter into a contract in a proper case, but there is one feature of this case that does not commend itself to the conscience of a court of equity. Her counsel in the divorce suit testified as a witness in this case, and his testimony in substance was that before the case was called for trial the plaintiff filed an amended petition by leave of court; that thereupon the defendant withdrew his answer charging "indiscreet conduct," and filed an answer to the amended petition in which no mention is made of indiscretions on the part of the plaintiff; that the case came on for trial, both parties ready for the conflict, the plaintiff for a divorce and all the alimony she could procure by decree of court, and the defendant resisting her petition for alimony; that witnesses were called in the plaintiff's behalf and on their cross-examination the plaintiff's case suffered, and it became apparent to her counsel that they would have serious trouble in making a case for divorce. At this point a halt was called in the trial of the case, and a conference held between counsel for the plaintiff and counsel for the defendant. Propositions and counter-propositions were made, and finally the settlement agreed upon. This settlement was concurred in by plaintiff's counsel, her father and herself. By that settlement she was to receive $3,000 alimony in gross, and in consideration of the payment to her of that sum of money by the defendant, Lester W. Sturdevant, she agreed to convey by quit-claim deed all of her right, title and interest to his real estate after she had procured a decree of divorce, and it was also agreed by the defendant that he would withdraw his answer in the case and not resist further her suit for divorce, and it was

accordingly done and the case was taken up and proceeded with as an *ex parte* case.

A misrepresentation of facts in the trial of any case is a fraud upon the court, and a suppression of facts known to the parties at the time is but little, if any, less a fraud upon the court.

To state the case in a terse form it appears from the evidence in this case that after the trial of the divorce suit had begun it became apparent to the plaintiff and her counsel that if all the facts were known the plaintiff would not be able to secure a divorce, and thereupon the court, shutting one eye to the case, permitted them to withdraw the answer of the defendant, walk out of the court room and leave the field to the plaintiff alone, after which the plaintiff appeared to have easy sailing and a decree was granted. There is a paragraph of the contract of settlement which has a squint in the direction I have indicated which reads:

"Third. As soon as said $3,000 is paid and said deed delivered the decree for divorce is to be entered on the journal.

"Fourth. In case the said Lester W. Sturdevant fails to pay said $3,000 within ten days, then said decree of divorce is to be entered on the journal and a judgment for $3,000, which is to be a lien on all his real estate in the city of Newark, Ohio."

Reading between the lines this contract meant that the defendant was to pay $3,000 only in the event the plaintiff secured a divorce; that the $3,000 was to be paid down before the decree was entered upon the journal, or upon failure to pay within ten days it should be entered as a judgment of the court and made a lien upon his real estate.

The whole transaction smacks of fraud perpetrated upon an easy court, and this court of equity is disposed to leave the plaintiff in the situation in which she placed herself. Figuratively speaking she does not come into this court with lily white hands, and the judgment of the court will be that her petition be dismissed at her costs.

Motion for a new trial overruled and exceptions to the judgment. Bond for appeal in the sum of $100.